## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

JON M. CUMBERLAND                           PLAINTIFF

V.                                                  CASE NO.: 20-329

BELK DEPARTMENT STORES LP;
BELK OF MISSISSIPPI LLC; AND
MICHAEL MATHERNE, INDIVIDUALLY              DEFENDANTS

### SUMMONS

TO:    Belk of Mississippi, LLC
        Registered Agent: National Registered Agents, Inc.
        645 Lakeland East Drive, Suite 101
        Flowood, Mississippi 39232

### NOTICE TO DEFENDANTS

**The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Watson & Norris, PLLC, 1880 Lakeland Drive, Suite G, Jackson, Mississippi 39216, the attorney for the Plaintiff. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and the seal of said Court, this the 3rd day of June, 2020.

                                                Honorable Zack Wallace
                                                Circuit Clerk of Hinds County, MS

                                                By: _____
                                                          Deputy Clerk

Exhibit A

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

JON M. CUMBERLAND											PLAINTIFF

v.													CASE NO.: 20-329

BELK DEPARTMENT STORES LP;
BELK OF MISSISSIPPI LLC; AND
MICHAEL MATHERNE, INDIVIDUALLY								DEFENDANTS

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Mark Cumberland, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations against the Defendants consisting of tortious interference and defamation. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1. Plaintiff, Mark Cumberland, is an adult male resident of Rankin County, Mississippi.

2. Defendant, Belk Department Stores LP, is a North Carolina Limited Partnership, that may be served with process through its registered agent: National Registered Agents, Inc., 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3. Defendant, Belk of Mississippi, LLC, is a Mississippi Limited Liability Corporation, that may be served with process through its registered agent: National Registered Agents, Inc., 645 Lakeland East Drive, Suite 101, Flowood, Mississippi

1

Exhibit A

39232.

4. Defendant, Michael Matherne, Individually, may be served with process at his place of employment, 102 Interstate Drive, Richland, Mississippi 39218.

## JURISDICTION AND VENUE

5. This Court has personal and subject matter jurisdiction over the Defendants and venue is proper in this Court.

## STATEMENT OF FACTS

6. Plaintiff is a 41-year old male from Rankin County, Mississippi.

7. Plaintiff was hired as a City Driver by Averitt Express on January 11, 2011.

8. Prior to March 18, 2020, Plaintiff had never been written up for any major job performance-related issues.

9. On March 18, 2020, while making his deliveries, Plaintiff heard rumors that two of the businesses where he dropped off freight had employees who had been diagnosed with Covid-19.

10. Plaintiff had no direct contact with any of the allegedly Covid-19 positive employees.

11. Rather, Plaintiff heard rumors from other employees at these businesses.

12. Moreover, these were merely rumors and not definitive.

13. Plaintiff called the Dispatcher, Ryan Price, with Averitt and asked him if he knew anything about these rumors, and Mr. Price did not respond to Plaintiff in any substantial way.

14. Later that day, Plaintiff took a delivery of freight to the Belk Distribution

Exhibit A

Center in Byram.

15. At the entrance, a female guard asked Plaintiff if he had had any exposure to Covid-19.

16. In an effort to be fully forthcoming and honest, Plaintiff stated that he had heard about possibly diagnosed employees at two of the locations where he had taken deliveries earlier that day; however, Plaintiff emphasized that he had not had any direct exposure to either of these possibly diagnosed employees.

17. Later, when Plaintiff returned to Averitt, Terminal Manager, Michael Matherne approached Plaintiff and angrily confronted him.

18. Mr. Matherne informed Plaintiff that Belk had contacted him and stated that Plaintiff admitted to having had direct exposure to someone with Covid-19.

19. Plaintiff vehemently denied having made this claim, but Mr. Matherne refused to listen.

20. Instead, that same day, March 18, 2020, Mr. Matherne suspended Plaintiff without pay.

21. On March 20, 2020, in an attempt to more fully understand why he was suspended, Plaintiff contacted Laura Wettack, Director of Human Resources, by email regarding his pending investigation.

22. Ms. Wettack responded "Obviously this situation is serious, and we are still reviewing. Your leadership will be in contact with you next week."

23. On Monday, March 23, 2020, Mr. Matherne terminated Plaintiff.

24. After being terminated, Plaintiff emailed Ms. Wettack requesting a copy of

3

his termination letter and employment record. Plaintiff also asked Ms. Wettack to please give him a call.

25. This was Ms. Wettack's response by email, "Michael Matherne suspected that you might be recording his call without his permission. Therefore, we will not be having any further phone conversations. I have attached the LA Separation Notice that has been electronically submitted to the LA Workforce Commission as required for your records. I am not sure what you mean by a copy of my "employment record" but if you are referring to your personnel file, we will not be forwarding a copy of your personnel file at this time. We are not required by any state or federal law to do so. We wish you the best in your future endeavors.

## CAUSES OF ACTION

### COUNT I: TORTIOUS INTERFERENCE AND DEFAMATION – BELK DEPARTMENT STORES LP AND BELK OF MISSISSIPPI LLC

26. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 25 above as if fully incorporated herein.

26. The basic elements for tortious interference with an existing contractual relationship include: (a) existence of a valid contractual relationship or business expectancy; (b) knowledge of the contractual relationship or expectancy by the Defendant; (c) intentional interference inducing or causing a breach or termination of the contractual relationship or expectancy; and (d) resultant damage to the party whose contractual relationship or expectancy has been disrupted.

27. Defendants tortiously interfered with Plaintiff's employment relationship with Averitt Express and Plaintiff has suffered damages as a result of Defendants'

4

Exhibit A

actions.

28. As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate him for the Defendants' actions in tortiously interfering with his employment relationship.

29. In addition, the Defendant's actions were done maliciously with the intent to cause Plaintiff injury.

30. As such, Plaintiff is entitled to an award of punitive damages against the Defendants in an amount to be determined by the jury.

### COUNT II: TORTIOUS INTERFERENCE – MICHAEL MATHERNE, INDIVIDUALLY

31. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 30 above as if fully incorporated herein.

32. The basic elements for tortious interference with an existing contractual relationship include: (a) existence of a valid contractual relationship or business expectancy; (b) knowledge of the contractual relationship or expectancy by the Defendant; (c) intentional interference inducing or causing a breach or termination of the contractual relationship or expectancy; and (d) resultant damage to the party whose contractual relationship or expectancy has been disrupted.

33. Defendant, Michael Matherne, tortiously interfered with Plaintiff's employment relationship with Averitt Express and Plaintiff has suffered damages as a result of Defendant Michael Matherne's actions.

34. As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate him for Defendant Michael

Exhibit A

Matherne's actions in tortiously interfering with his employment relationship.

35. In addition, the Defendant Michael Matherne's actions were done maliciously with the intent to cause Plaintiff injury.

36. As such, Plaintiff is entitled to an award of punitive damages against Defendant Michael Matherne in an amount to be determined by the jury.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back pay;
2. Reinstatement or future wages in lieu of reinstatement;
3. Lost benefits;
4. Compensatory damages;
5. Punitive damages;
6. A tax gross-up and all make-whole relief;
7. Attorney's fees;
8. Pre-judgment and post-judgment interest;
9. Costs and expenses; and
10. Any other relief to which he may be properly entitled.

THIS the 2nd day of June 2020.

        Respectfully submitted,

        MARK CUMBERLAND, PLAINTIFF

        By: /s/Louis H. Watson, Jr.
            Louis H. Watson, Jr. (MB# 9053)
            Nick Norris (MB# 101574)
            Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com